IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: |
| v. | ) | Filed: April 9, 2009 |
| ASIANA AIRLINES, INC., | ) | Count I: 15 U.S.C. § 1 |
| | ) | Count II: 15 U.S.C. § 1 |
| Defendant. | ) | |

## INFORMATION

### I.

### COUNT ONE - CONSPIRACY TO RESTRAIN TRADE
### (15 U.S.C. § 1)

THE UNITED STATES, ACTING THROUGH ITS ATTORNEYS, CHARGES:

**Defendant and Co-Conspirators**

1.      Asiana Airlines, Inc. ("Defendant") is a corporation organized and existing under the laws of the Republic of Korea ("Korea") with its principal place of business in Seoul, Korea. During the period covered by this Count, Defendant was engaged in the business of providing air transportation services for passengers and cargo in the United States and elsewhere.

2.      Various corporations and individuals, not made defendants in this Count, participated as co-conspirators in the offense charged in this Count and performed acts and made statements in furtherance of it.

3.      Whenever in this Count reference is made to any act, deed, or transaction of any

corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## Background of the Offense

During the period covered by this Count:

4.  Defendant and its co-conspirators provided international air transportation services for cargo ("air cargo services"). Defendant and its co-conspirators provided air cargo services to and from the United States.

5.  Defendant's air cargo services transported a variety of cargo shipments, such as semiconductor equipment, perishable commodities, and consumer goods, on scheduled flights within Korea and internationally, including to and from the United States. For its air cargo services, Defendant charged its customers a rate that consisted of both a base rate and various surcharges, such as fuel and post-September 11 security surcharges. The rates charged by Defendant's co-conspirators for air cargo services also included both a base rate and various surcharges. The amount of the base rate charged by Defendant and its co-conspirators could vary based on the type and weight of the shipment, the origin and/or destination of the shipment, and the nature of the goods or products being shipped. Similarly, the amount of certain surcharges levied by Defendant and its co-conspirators could vary based on the origin and/or destination of the shipment. The base rate and surcharges charged to customers by Defendant and its co-conspirators for air cargo services are collectively referred to herein as "cargo rates."

## Conspiracy to Restrain Trade

6.  From at least as early as January 1, 2000 and continuing until at least February 14,

2006, the exact dates being unknown to the United States, Defendant and its co-conspirators entered into and engaged in a combination and conspiracy to suppress and eliminate competition by fixing the cargo rates charged to customers for international air shipments, including to and from the United States.  The combination and conspiracy engaged in by Defendant and its co-conspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

7. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendant and its co-conspirators, the substantial terms of which were to suppress and eliminate competition by fixing cargo rates to and from the United States and elsewhere.

## Manner and Means of the Conspiracy

8. For purposes of forming and carrying out the charged combination and conspiracy, Defendant and its co-conspirators did those things that they combined and conspired to do, including, among other things:

    a. participating in meetings, conversations, and communications in the United States and elsewhere to discuss the cargo rates to be charged on certain trans-Pacific routes to and from the United States;

    b. agreeing, during those meetings, conversations, and communications, on certain components of the cargo rates to charge for shipments on certain trans-Pacific routes to and from the United States;

    c. levying cargo rates in the United States and elsewhere in accordance with the agreements reached; and

   d. engaging in meetings, conversations, and communications in the United States and elsewhere for the purpose of monitoring and enforcing adherence to the agreed-upon cargo rates.

## Trade and Commerce

9. During the period covered by this Count, proposals, contracts, invoices for payment, payments, and other documents essential to the provision of air cargo services were transmitted in interstate and foreign trade and commerce between and among offices of Defendant and its customers located in various States and foreign countries.

10. During the period covered by this Count, Defendant and its co-conspirators transported substantial quantities of cargo, in a continuous and uninterrupted flow of interstate and foreign commerce, between various foreign countries and the United States, including through various U.S. airports to final destinations in various States.

11. During the period covered by this Count, the business activities of Defendant and its co-conspirators in connection with the air cargo services that are the subject of this Count were within the flow of, and substantially affected, interstate and foreign trade and commerce.

## Jurisdiction and Venue

12. The combination and conspiracy charged in this Count was carried out, in part, in the District of Columbia within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

## II.

## COUNT TWO - CONSPIRACY TO RESTRAIN TRADE
## (15 U.S.C. § 1)

THE UNITED STATES FURTHER CHARGES THAT:

### Defendant and Co-Conspirators

13. Each and every allegation contained in paragraphs 1 and 3 of Count One of this Information is realleged and reasserted here as if fully set forth in this Count.

14. Korean Air Lines Co., Ltd. ("Korean Air") and individuals, not made defendants in this Count, participated as co-conspirators in the offense charged in this Count and performed acts and made statements in furtherance of it.

### Background of the Offense

During the period covered by this Count:

15. Defendant and Korean Air provided international air transportation services for passengers ("passenger transportation services").  Defendant's passenger transportation services transported people on scheduled flights within Korea and internationally, including to and from the United States.  For its passenger transportation services, Defendant sold economy class tickets directly to passengers and through travel agents who sold the tickets to passengers.  When Defendant sold these economy tickets, Defendant sold the tickets at a published or advertised fare. The published fare included both a base fare and, at times during the relevant period, a fuel surcharge.  The base fare and the fuel surcharge charged for economy class tickets by Defendant and Korean Air are collectively referred to herein as the "passenger fare."

16. Defendant also sold "H" class passenger tickets to travel agents in the United

States who resold the passenger tickets in the Korean ethnic travel market in the United States. (From 2000 to 2002, this class of tickets was known as "B" class; from April 2003 until January 2005, these tickets constituted the 3 month fare bases in the "M" and "Q" classes; and from February 2005 through July 16, 2006, this class of tickets was known as "H" class (collectively referred to herein as "H" class).)  The travel agents who bought "H" class passenger tickets from Defendant for resale in the Korean ethnic travel market in the United States paid a discounted published fare, or wholesale fare, for those tickets.

## Conspiracy to Restrain Trade

17. From at least as early as January 1, 2000 and continuing until at least July 16, 2006, the exact dates being unknown to the United States, Defendant and its co-conspirators entered into and engaged in a combination and conspiracy to suppress and eliminate competition by fixing wholesale and passenger fares charged for flights from the United States to Korea.  The combination and conspiracy engaged in by Defendant and its co-conspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

18. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendant and its co-conspirators, the substantial terms of which were to suppress and eliminate competition by fixing wholesale and passenger fares on flights from the United States to Korea.

## Manner and Means of the Conspiracy

19. For purposes of forming and carrying out the charged combination and conspiracy, Defendant and its co-conspirators did those things that they combined and conspired

to do, including, among other things:

  a. participating in meetings, conversations, and communications in the United States to discuss one or both components of the passenger fares to be charged on flights from the United States to Korea and the wholesale fares on "H" class passenger tickets to the Korean ethnic travel market in the United States from certain airports in the United States to Korea;

  b. agreeing, during those meetings, conversations, and communications, on one or both components of the passenger fares to charge on flights from the United States to Korea and the wholesale fares to charge on "H"class passenger tickets to the Korean ethnic travel market in the United States from certain airports in the United States to Korea;

  c. levying passenger and wholesale fares on flights from the United States to Korea in accordance with the agreements reached; and

  d. engaging in meetings, conversations, and communications in the United States for the purpose of monitoring and enforcing adherence to the agreed-upon passenger fares and wholesale fares.

## Trade and Commerce

20. During the period covered by this Count, contracts, invoices for payment, payments, and other documents essential to the provision of passenger transportation services were transmitted in interstate and foreign trade and commerce between and among offices of Defendant and its customers located in various States.

21. During the period covered by this Count, Defendant and Korean Air transported

7

substantial numbers of passengers, in a continuous and uninterrupted flow of interstate and foreign commerce, between various airports in the United States and Korea.

22.     During the period covered by this Count, the business activities of Defendant and Korean Air in connection with the passenger transportation services that are the subject of this Count were within the flow of, and substantially affected, interstate and foreign trade and commerce.

### Jurisdiction and Venue

23.     The combination and conspiracy charged in this Count was carried out, in part, in the District of Columbia within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated: April 9, 2009

| | |
|---|---|
| /s/ <br> Scott D. Hammond <br> Acting Assistant Attorney General <br> Antitrust Division <br> United States Department of Justice | /s/ <br> Mark R. Rosman, Assistant Chief <br> Brent Snyder, Trial Attorney <br> Mark C. Grundvig, Trial Attorney <br> Kathyrn M. Hellings, Trial Attorney <br> Elizabeth Aloi, Trial Attorney <br> Nancy H. McMillen, Trial Attorney <br> National Criminal Enforcement Section <br> Antitrust Division |
| /s/ <br> Marc Siegel <br> Director of Criminal Enforcement <br> Antitrust Division <br> United States Department of Justice | |

/s/
Lisa M. Phelan
Chief, National Criminal Enforcement Section
Antitrust Division
United States Department of Justice